[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11565
Non-Argument Calendar

_____

D. C. Docket No. 06-20713-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER HERNANDEZ RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 10, 2008)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Javier Hernandez-Rodriguez appeals his 142-month sentence, imposed after

he pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a motor vessel, in violation of 46 U.S.C. § 70506(b), and the underlying substantive offense, in violation of 46 U.S.C. § 70503(a). Hernandez-Rodriguez raises two issues on appeal. First, he argues that the district court erred in denying him a mitigating-role reduction pursuant to U.S.S.G. § 3B1.2. Second, he argues that the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors.

## I. Mitigating-role Reduction

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two points if it finds that the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A defendant is a minor participant if he is "less culpable than most other participants, but his role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5.

We review the district court's determination of whether a defendant qualifies for a mitigating-role reduction for clear error. *United States v. Boyd*, 291 F.3d 1274, 1277 (11th Cir. 2002).

The proponent of the reduction always bears the burden of proving entitlement to the reduction by a preponderance of the evidence. *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). In determining whether a

2

mitigating-role reduction is warranted, a district court should consider (1) "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing," and (2) his role "as compared to that of other participants in [his] relevant conduct." *Id.* at 940. In drug-courier cases, "examples of some relevant factual considerations include: amount of drugs, fair market value of drugs, amount of money to be paid to the courier, equity interest in the drugs, role in planning the criminal scheme, and role in the distribution." *Id.* at 945. "So long as the district court's conclusion as to defendant's role in the offense is supported by the record, and the court has resolved any disputed factual issues in conformity with Fed. R. Crim. P. 32(c)(1), a simple statement of the district court's conclusion is sufficient." *Id.* at 947.

The district court's denial of Hernandez-Rodriguez's request for a mitigating-role reduction was not clearly erroneous, as the court adequately considered Hernandez-Rodriguez's role in the relevant conduct, as well as his role as compared to that of other participants. The district court determined that Hernandez-Rodriguez was "at least as culpable as his codefendant here and his other crew members." It also took into account the substantial amount of drugs involved, 8,833 kilograms of cocaine, and its value, about $160,000,000. In the end, Hernandez-Rodriguez failed to meet his burden of showing that he was

3

entitled to a mitigating-role reduction by a preponderance of the evidence, and, therefore, the district court did not err in denying him the reduction.

## II. Reasonableness

Hernandez-Rodriguez argues for the first time on appeal that his sentence was unreasonable because the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors. He asserts that his lack of knowledge regarding the drug venture and his difficult upbringing and family responsibilities were not properly considered by the district court.

The district court must consider the following § 3553(a) factors to determine a reasonable sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) (*citing* 18 U.S.C. § 3553(a)). However, in considering the guideline factors, the district court need not discuss each of them individually. *Id.* Rather, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in

4

section 3553(a) is sufficient under *Booker*." *Id.* "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. *Id.* at 788. Furthermore, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,] and [w]e will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir.), *cert. denied*, 76 U.S.L.W. 3275 (U.S. Nov. 26, 2007) (No. 07-6968) (internal quotation marks omitted). Lastly, although we do not consider a sentence within the guideline range to be *per se* reasonable, use of the guidelines remains central to the sentencing process, and we will ordinarily expect a within-range sentence to be reasonable. *Talley*, 431 F.3d at 787-88.

The district court correctly calculated the guideline range and adequately considered the 18 U.S.C. § 3553(a) factors. In particular, the court weighed the seriousness of the crime, as well as the need to punish and deter. It ultimately imposed a sentence in the lower-middle of the guideline range. Accordingly, we conclude that Hernandez-Rodriguez's 142-month sentence is reasonable in light of 18 U.S.C. § 3553(a).

**AFFIRMED.**

5